IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Charles E. Phagan, Jr., | ) |
| | ) Civil Action No. 8:18-894-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Victoria Gurney, Chase Webber, Judge | ) |
| Lawton R. McIntosh, Anderson County, | ) |
| and Richland County, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Charles E. Phagan, Jr. ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice.[1] (ECF No. 13). Plaintiff was advised of his right to file objections to the Report. (ECF No. 13 at 17). The court extended the time for Plaintiff to file objections and he filed timely objections on May 30, 2018. (ECF No. 20).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

---

[1] The magistrate judge noted that the complaint in this case (ECF No. 1) is identical to and appears to be a copy of the complaint that Plaintiff filed in *Phagan v. Webber*, C.A. No. 8:18-cv-0564.

1

Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint because it is frivolous and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and additionally because Plaintiff failed to allege a cognizable claim against any of the Defendants. As noted above, the magistrate judge also states in a footnote that the complaint in this case is identical to and appears to be a copy of the complaint that Plaintiff filed in *Phagan v. Webber*, C.A. No. 8:18-cv-0564. *Id*. at 1.[2] The court filed an order adopting the magistrate judge's Report and dismissing Plaintiff's action in that case on June 25, 2018. (C.A. No. 8:18-cv-0564, ECF No. 19). No appeal has been taken of that order.

---

[2] The Fourth Circuit held that "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500 (4th Cir. 2015); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records.");.*Aloe Creme Laboratories, Inc. v. Francine Co*., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same com a second time. Once was sufficient.").

The court agrees with the magistrate judge's conclusion that Plaintiff's action is barred by *Heck*, 512 U.S. 477, and also finds that Plaintiff's complaint is a duplicative filing.[3] (ECF No. 1 and C.A. No. 8:18-cv-0564, ECF No. 1). Because the present action is duplicative of another case filed by Plaintiff which was already addressed and dismissed by this court, this action warrants dismissal. "[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous." *Paul v. de Holczer*, Case No. 3:15–2178–CMC–PJG, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015) (holding that "the instant Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy and efficiency"), *affirmed by* 631 Fed. App'x 197 (4th Cir. February 4, 2016); *see also Cox v. Cartledge*, Case No. 3:13–481–TMC, 2013 WL 1401684 (D.S.C. March 13, 2013), *adopted by* 2013 WL 1401674 (D.S.C. April 8, 2013) (same).

"Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000) (per curiam). Accordingly, as a duplicative filing, the present case is frivolous and subject to summary dismissal. Reviewing Plaintiff's objections, the court finds them to be without merit as none of his objections remedy the fact that this action is duplicative and barred by *Heck*.

---

[3] The only difference between the two cases is that the previously filed action listed "Richland Cnty." in the caption as a defendant and included "County of Richland/Municipalities . . . 1411 Gervais St./ Columbia, S.C. 29201" along with "County of Anderson/Municipalities . . . 401 S. Main St./ Anderson, S.C. 29624" as Defendant No. 4. (C.A. No. 8:18-cv-0564, ECF No. 1 at 1, 3). The present action, instead, lists "Ridgeland Cnty." in the caption as a defendant. (ECF No. 1 at 1). However, this appears to be an accidental typographical error because the instant complaint maintains the same address, "1411 Gervais St./Columbia, S.C. 29201" as an address for Defendant No. 4. *Id*. at 3. The minor difference in the caption does not affect the duplicative nature of this lawsuit. *See Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, *1 (4th Cir. 2000) (per curiam) ("Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two."); *Davis v. Colleton County Memorial Library*, C.A. No. 2:17-cv-2948-PMD-MGB, 2018 WL 2170338 (D.S.C. Apr.12, 2018), *adopted by* 2018 WL 2149309 (D.S.C. May 10, 2018) (dismissing as frivolous and duplicative an action which differed from a previously filed action only in its caption).

The court has thoroughly reviewed the Report of the magistrate judge and the filings in this case. For the reasons set forth above and by the magistrate judge, the court overrules Plaintiff's objections and hereby adopts the Report (ECF No. 13) and incorporates it herein. Accordingly, it is hereby **ORDERED** that this action is **DISMISSED** without prejudice[4] and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 1, 2018

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] As noted in this court's order in *Phagan v. Webber,* C.A. No. 8:18-cv-0564 (ECF No. 19), while Plaintiff's claim was dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff has a petition for post-conviction relief pending in state court. Accordingly, this court dismissed Plaintiff's prior action without prejudice to Plaintiff's ability to refile his claim if his conviction is overturned. (C.A. No. 8:18-cv-0564, ECF No. 19); *see, e.g., Omar v. Chasanow*, 318 Fed. App'x 188 (4th Cir. 2009).